IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>TLC RESIDENTIAL, INC.; FRANCISCO MONTERO,<br><br>Defendants.<br>_____/ | No. C 15-02776 WHA<br><br>**ORDER RE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; MOTION TO DISMISS COUNTERCLAIMS; MOTION TO STRIKE AFFIRMATIVE DEFENSES; MOTION FOR PROTECTIVE ORDER; AND VACATING HEARING** |

**INTRODUCTION**

In this FLSA action, plaintiff moves for leave to amend its complaint, moves to dismiss defendants' counterclaims, and moves to strike some of defendants' affirmative defenses. Defendants also move for a protective order. To the extent stated herein, plaintiff's motion for leave to amend is **GRANTED**, plaintiff's motion to dismiss counterclaims is **GRANTED**, plaintiff's motion to strike affirmative defenses is **DENIED**, and defendant's motion for a protective order is **GRANTED IN PART**. The hearing set for April 21 is **VACATED**.

**STATEMENT**

Defendant TLC Residential, Inc., which is owned by defendant Francisco Montero, operates 35 sober living homes in Northern California, providing housing and treatment to people recovering from substance abuse issues. A house manager, who is himself recovering from addiction, resides in each sober living home. House managers perform administrative tasks, run house meetings, purchase food and cleaning supplies for the homes, assist with

admissions and discharges, and collect fees and make deposits on behalf of TLC. House managers receive no compensation for their work but do not pay rent to live in the homes.

In June 2015, the United States Department of Labor filed the instant action alleging violations of the Fair Labor Standards Act. Essentially, the Labor Department claimed that these house managers are employees and are thus entitled to wages. In response, TLC answered and asserted counterclaims, alleging that the Labor Department's classification of house managers as employees had been arbitrary and capricious. Counterclaim One seeks a declaratory judgment that house managers are categorically not employees. Counterclaim Two seeks a permanent injunction that would prevent the Labor Department from ever classifying house managers as employees in the future.

In November 2015, the Labor Department filed a motion to amend its complaint to add 41 new house managers that should be classified as employees. TLC did not oppose leave to amend, and an order allowed the Labor Department to file an amended complaint by December 31, 2015 (Dkt. No. 32). The Labor Department missed that deadline, and filed a new motion for leave to amend on January 7, 2016, requesting to add the same 41 new house managers to its complaint.

At issue now are the Labor Department's motion for leave to amend, its motion to dismiss TLC's counterclaims, and its motion to strike some of TLC's affirmative defenses. TLC also moves for a protective order requiring the Labor Department "to redact from all publicly-filed documents and to file all documents under seal which name house managers and assistant house managers, or from which such individuals may be identified" (Dkt. No. 35). This order follows full briefing.

**ANALYSIS**

1. **LABOR DEPARTMENT'S MOTION TO AMEND THE COMPLAINT.**

Under Rule 6(b), when a party moves for a pleading to be accepted despite missing the relevant deadline, the pleading may be accepted "where the failure to [file before the deadline] was the result of excusable neglect." The governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the

2

nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assoc's. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

As stated above, the Labor Department moved to amend its complaint to add 41 new house managers that it alleges should be classified as employees. Defendants did not oppose and the Labor Department was ordered to file an amended complaint by December 31. In a declaration, Labor Department Attorney Cheryl Adams averred that she had inadvertently left the date off her calendar and tried, in good faith, to rectify her error, filing the instant motion on January 7, which appended the proposed amended complaint (seven days after the amended complaint had been due). Although they originally had no issue with the filing of the amended complaint, defendants now oppose on the basis that the Labor Department missed the December 31 deadline.

Here, a balancing of the *Pioneer* factors weighs in favor of allowing the Labor Department to file the amended complaint. Without doubt, counsel for the Labor Department goofed. They missed a court-ordered deadline due to sloppy calendaring. Defendants, however, have not demonstrated any prejudice from this error. Nothing in the record suggests the Labor Department acted in bad faith and counsel attempted to correct the error within days of realizing it. Furthermore, the impact of the seven-day delay will have no impact on or delay the present proceedings.

Accordingly, the Labor Department's motion to file an amended complaint is **GRANTED**. The proposed amended complaint, which was appended to the January 7 motion, shall be separately filed by **NOON ON APRIL 27, 2016**.

2. **LABOR DEPARTMENT'S MOTION TO DISMISS COUNTERCLAIMS.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the conduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In response to the Labor Department's lawsuit seeking to classify house managers as employees, defendants filed two counterclaims. Counterclaim One seeks a declaratory judgment that house managers are categorically not employees. Counterclaim Two seeks a permanent injunction that would prevent the Labor Department from ever classifying house managers as employees in the future.

Under the Administrative Procedure Act, federal agencies can only be sued under narrow circumstances. Section 704 of the APA limits judicial review to (1) a "final agency action", (2) "for which there is no other adequate remedy in a court." 5 U.S.C. 704. Furthermore, our court of appeals has clearly held that the decision to file a lawsuit does not constitute "final agency action" for purposes of the APA and that "litigation decisions are generally committed to agency discretion by law, and are not subject to judicial review under the APA." *United States v. Estate of Hage*, 810 F.3d 712, 720 (9th Cir. 2016) (internal citation omitted).

Here, the only alleged basis for defendants' counterclaims is that the Labor Department has acted in an arbitrary and capricious manner in filing this lawsuit seeking to classify house managers as employees. Specifically, defendants have alleged that the Labor Department "has made a final determination that the FLSA applies to TLC's house managers and assistant house managers, and that they are 'employees' who are subject to the FLSA's minimum wage provisions" (Counterclaims at ¶ 101). This litigation decision, to file a lawsuit seeking to classify house managers as employees, does not constitute "final agency action." *Estate of Hage*, 810 F.3d at 720. Thus, defendants lack standing to affirmatively challenge it via a counterclaim. Furthermore, even if this litigation decision were a final agency action, defendants have an adequate remedy in court — they can defend against the Labor Department's claims herein. If defendants win this lawsuit, then house managers will not be classified as employees, and the issue will be resolved.

Accordingly, to the extent stated above, the Labor Department's motion to dismiss defendants' counterclaims is **GRANTED**.

4

### 3. LABOR DEPARTMENT'S MOTION TO STRIKE AFFIRMATIVE DEFENSES.

Under Rule 12(f), a court may strike a portion of a pleading which contains "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir 1993), *rev'd on other grounds*, 510 U.S. 517, 114 (1994). Striking a defense, however, is a "drastic remedy" which is disfavored and seldom granted. C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE, Section 1380.

The Labor Department moves to strike defendants' first four affirmative defenses: (1) defendants are not employers; (2) house managers are not employees; (3) defendants are not an enterprise engaged in interstate commerce; and (4) house managers are not individually engaged in interstate commerce.

As defendants concede, these affirmative defenses overlap with the denials stated in defendants' answer, which deny that the Labor Department can prove the elements of its claims (Opp. at 7). Nevertheless, "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Here, the Labor Department has not made any showing that striking these affirmative defenses will help avoid litigating spurious issues. Rather, the subject of the affirmative defenses is essentially the same as that contained in defendants' answer. Accordingly, as the Labor Department will not suffer any prejudice from these affirmative defenses remaining in defendants' pleading, and striking them will not have any effect on the expediency of the litigation, the motion to strike is **DENIED**.

### 4. DEFENDANTS' MOTION FOR A PROTECTIVE ORDER.

Defendants move for a protective order redacting the names of identified house managers from all current and future filings. The purpose of the requested protective order is to avoid publicly identifying such persons as recovering alcohol or drug abusers. "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold

5

of showing that compelling reasons support secrecy. A good cause showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Here, no dispositive motion has yet been filed in the case and thus the "good cause" standard applies to defendants' motion to redact the names of house managers. While defendants have only provided a thin record in support of their motion, the declaration of Julie Bento, the Vice President of Operations at TLC, clearly states that "disclosing the identity of a house parent or assistant house parent necessarily identifies that individual as a person in recovery from alcohol or drug abuse and addiction" and "residents of TLC's sober living homes consider their status as individuals in recovery to be private and personal information" (Bento Decl. at ¶¶ 5–6). This declaration, combined with the common sense notion that those in recovery from drug and alcohol addiction have an interest in keeping their identities private, is sufficient to satisfy the good cause standard.

The Labor Department opposes the motion to redact the names of house managers for the following reasons (Opp. at 5):

> Having the names of employees who are owed back wages open to public view in the complaint provides notice to those employees that a lawsuit has been filed and encourages them to come forward. The Secretary does not have contact information for all employees named in Exhibit A to the complaint, so including their names in the complaint may be the only way some former employees become aware of the lawsuit. In addition to the general harm caused to the public by blocking their access to judicial records, sealing Exhibit A would prevent some employees and former employees of Defendants from being aware that this lawsuit has been filed.

While this order agrees that public access to the court system is a virtue, the Labor Department's suggestion that house managers who do not know about the lawsuit will somehow stumble upon the complaint and want to get involved is speculative. If the Labor Department is successful in this lawsuit, there are many superior ways to inform those who should be classified as employees, such as posting notices on defendants' premises.

Based on the present record, defendants have demonstrated good cause to redact the names of house managers who are currently in recovery from drug an alcohol addiction.

6

Accordingly, defendants' motion for a protective order is **GRANTED IN PART**. The government shall file a new version of Exhibit A, identifying the house managers only by their initials. In addition, the Labor Department shall file, under seal, a version of Exhibit A with the house managers' actual names. The government shall conduct the same procedure for any other document already in the record that identifies a house manager by name.

As this case goes forward, some of these house managers will likely be called to testify, and they will be required to state their full names in their public testimony. Moreover, there may be other instances as the case goes on where it will be necessary to reveal house managers' full names. Those instances will be decided on a case-by-case basis, balancing the house managers' privacy interests with the public's interest in full access to the courts. Thus, for this limited purpose, only the house managers' initials shall be used in already-filed documents, with their full names used in under seal versions. The use of initials in future filings (other than the Labor Department's amended complaint) will be decided on a case-by-case basis.

## CONCLUSION

To the extent stated above, the Labor Department's motion for leave to file an amended complaint is **GRANTED**. The proposed amended complaint, which was appended to the January 7 motion, shall be separately filed by **NOON ON APRIL 26, 2016**. The Labor Department's motion to dismiss defendants' counterclaims is **GRANTED**. The Labor Department's motion to strike affirmative defenses is **DENIED**. Defendants' motion for a protective order is **GRANTED IN PART**, as detailed above. The hearing set for April 21 is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 19, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE