JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY (CSBN 176106)
Counsel for FLSA
**CHERYL L. ADAMS (CSBN 208244)**
Senior Trial Attorney
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
Direct: (415) 625-7759
Facsimile: (415) 625-7772
Email: Adams.Cheryl.L@dol.gov

Attorneys for Plaintiff, Thomas E. Perez
Secretary, U.S. Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br><br> TLC RESIDENTIAL, INC., a corporation, and FRANCISCO MONTERO, an individual. <br><br> Defendants. | Case No.: 3:15-cv-02776-WHA <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** <br> **(29 U.S.C. §§ 201, et seq.)** |

1. Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary" or "Plaintiff"), brings this action pursuant to Section 17, 29 U.S.C § 217, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C §§ 201-19 (hereinafter "FLSA" or the "Act"), to enjoin Defendants TLC Residential, Inc., doing business as TLC Clean and Sober Living Homes, and Francisco Montero, an individual, (collectively "Defendants") from violating the provisions of Sections 6, 11(c), 15(a)(2) and 15(a)(5) of the Act, 29 U.S.C §§ 206, 211(c), 215(a)(2) and 215(a)(5) and to recover amounts owed under the FLSA.

2.      Plaintiff also and separately brings this action pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), to secure a judgment against Defendants for unpaid minimum wage due Defendants' employees listed in the attached Exhibit A and liquidated damages in an amount equal thereto.

3.      Jurisdiction of this action is conferred upon the Court by Section 17 of the FLSA, 29 U.S.C. § 217; by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

4.      Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

5.      Assignment of this action to the San Francisco Division of the Northern District of California pursuant to Civil Local Rule 3-2(c) is proper, because a substantial part of the events or omissions which gave rise to this claim occurred in San Francisco County, California.

6.      At all times material hereto, Defendant TLC Residential, Inc., is and has been a corporation licensed to do business in the State of California, with an office and places of business located in San Francisco, San Francisco County, California within the jurisdiction of this Court and has been engaged under the name TLC Clean and Sober Living Homes in the operation of sober living homes located in the following California counties: San Francisco, Santa Clara, Marin, Contra Costa, San Mateo and Alameda. Defendant TLC Residential, Inc., employs a house manager, and sometimes an assistant house manager, in each sober living home without compensation. Duties performed by house managers include conducting house meetings, purchasing and tracking household supplies for residents' use, submitting daily reports, enforcing curfew, administering drug tests, and collecting fees from residents.

7.      At all times material hereto, Defendant Francisco Montero was the owner of Defendant TLC Residential, Inc., and is and has been at all relevant times an employer within the

1  meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in that he was a person acting directly or indirectly
2  in the interest of Defendant TLC Residential, Inc., in relation to its employees and had economic
3  and operational control over Defendant TLC Residential, Inc.  Defendant Francisco Montero
4  runs Defendant TLC Residential, Inc., has hiring and firing authority over employees and
5  determines whether they receive compensation.
6        8.     Defendant TLC Residential, Inc. is and at all times hereinafter mentioned was, an
7  enterprise engaged in commerce or in the production of goods for commerce within the meaning
8  of Sections 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that said enterprise at all times
9  hereinafter mentioned had employees engaged in commerce or in the production of goods for
10 commerce, or employees handling, selling, or otherwise working on goods or materials that have
11 been moved in or produced for commerce by any person.  For example, employees purchased
12 goods and materials, such as light bulbs and cleaning supplies, that were manufactured outside of
13 the state of California.  Further, that said enterprise has and has had an annual gross volume of
14 sales made or business done of not less than $500,000 during the period covered by this
15 complaint. For example, from March 2012 to February 2013, Defendant TLC Residential, Inc.,
16 had an annual dollar volume of $2,683,504.77 according to the company's profit and loss
17 statement.
18       9.     Defendants have repeatedly violated the provisions of Sections 6 and 15(a)(2) of
19 the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees wages at rates less than the
20 applicable federal minimum wage in workweeks when said employees were employed in an
21 enterprise engaged in commerce or in the production of goods for commerce, within the meaning
22 of the FLSA, as aforesaid.  The individuals listed in Exhibit A were not paid for the time they
23 worked fulfilling their house manager, or assistant house manager, duties.
24       10.    Since at least September 1, 2010, Defendants have willfully violated and continue
25 to violate the aforesaid provision of the FLSA.  Defendants knew or should have known of the

1  minimum wage requirements of the FLSA but nevertheless employed, and continue to employ,
2  house managers and assistant house managers without compensating them. A judgment which
3  enjoins and restrains such violations and includes the restraint of any withholding of payment of
4  unpaid minimum wage found by the court to be due to present and former employees under the
5  FLSA is expressly authorized by Section 17 of the FLSA, 29 U.S.C. § 217.
6      11.   Defendants have repeatedly violated, and continue to violate the provisions of
7  sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to
8  make, keep, and preserve adequate and accurate records of all employees and the wages, hours
9  and other conditions and practices of employment maintained by them as prescribed by
10 regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. § 516, in
11 that the defendants did not maintain and preserve records for house managers and assistant house
12 managers and/or such records fail to show adequately and accurately, among other things, the
13 hours worked each workday and the total hours worked each workweek, thereby depriving,
14 interfering and impeding the ability of the employees, and derivatively the Secretary, to detect,
15 identify and have notice of the underpayment of minimum wages due under the Act.
16      12.   As a result of the violations of the FLSA, there is unpaid minimum wage due
17 under the FLSA that is being withheld by Defendants.
18      13.   Judgment permanently enjoining and restraining violations of the FLSA is
19 specifically authorized by Section 17, 29 U.S.C. § 217.
20      14.   A money judgment awarding unpaid back wages due under the FLSA, plus an
21 additional equal amount as liquidated damages, is specifically authorized by FLSA § 16(c), 29
22 U.S.C. § 216(c).
23      WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against
24 Defendants as follows:
25

1       (1)    For an Order pursuant to FLSA § 17, 29 U.S.C. § 217, permanently enjoining and
2 restraining Defendants, their officers, agents, servants, employees, and all persons acting in their
3 behalf and interest from prospectively violating the provisions of FLSA §§ 6, 11(c), 15(a)(2)
4 and 15(a)(5) of the Act, 29 U.S.C §§ 206, 211(c), 215(a)(2) and 215(a)(5); and,
5       (2)    a) For an Order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c),
6 finding Defendants liable for unpaid minimum wage found by the Court to be due Defendants'
7 employees named in the attached Exhibit A, plus an equal amount in liquidated damages; or,
8            b) in the event liquidated damages are not awarded, restraining the defendants
9 under FLSA § 17, from continuing to withhold the payment of any unpaid minimum wage that
10 may be found by this Court to be due under the FLSA to present and former employees,
11 including the persons listed by name on the attached Exhibit A plus pre-judgment interest
12 computed on the unpaid wages due; and
13       (3)    For an Order awarding Plaintiff his fees and the court costs of action; and
14       (4)    For an Order granting Plaintiff such other and further relief as may be necessary
15 and appropriate.

16 Respectfully submitted,

17 Dated: April 21, 2016

                                          M. PATRICIA SMITH
18                                           Solicitor of Labor

19                                           JANET M. HEROLD
                                            Regional Solicitor
20
                                            SUSAN SELETSKY
21                                           Counsel for FLSA
                                          /s/ Cheryl L. Adams
22                                         _____
                                           CHERYL L. ADAMS
23                                           Senior Trial Attorney

24

25

EXHIBIT A

1. SA1
2. SA2
3. TA
4. RA
5. JA
6. BA
7. JB1
8. NB
9. TB
10. JB2
11. MB
12. VB
13. JB3
14. GB
15. BB
16. LB
17. DC
18. CC
19. BC
20. RC1
21. LC1
22. JC1
23. JC2
24. JC3
25. LC2
26. NC
27. YC
28. RC2
29. PD1
30. PD2
31. TD
32. CD
33. DD
34. KD
35. NE
36. NF1
37. NF2
38. DF
39. KF
40. PF
41. CF
42. MF
43. JG1
44. MG1
45. CG
46. GG
47. MG2
48. JG2
49. MG3
50. NG

## EXHIBIT A

| # | | # | |
|---|---|---|---|
| 1 | 51. DG1 | 76. RK | |
| 2 | 52. DG2 | 77. TK | |
| 3 | 53. HG | 78. DK | |
| 4 | 54. LH | 79. JK | |
| 5 | 55. CH1 | 80. JL | |
| 6 | 56. JH1 | 81. GL | |
| 7 | 57. CH2 | 82. FL | |
| 8 | 58. TH1 | 83. OL | |
| 9 | 59. DH | 84. ML | |
| 10 | 60. VH | 85. CL | |
| 11 | 61. TH2 | 86. BM1 | |
| 12 | 62. RH1 | 87. MM1 | |
| 13 | 63. CH3 | 88. NM | |
| 14 | 64. KH | 89. LM | |
| 15 | 65. AH | 90. MM2 | |
| 16 | 66. MH | 91. SM1 | |
| 17 | 67. RH2 | 92. SM2 | |
| 18 | 68. JH2 | 93. JM | |
| 19 | 69. JI | 94. BM2 | |
| 20 | 70. KJ | 95. KM | |
| 21 | 71. GJ | 96. MM3 | |
| 22 | 72. MJ | 97. SM3 | |
| 23 | 73. NJ | 98. DN | |
| 24 | 74. EK | 99. IN | |
| 25 | 75. LK | 100.   PP | |

EXHIBIT **A**

101. BP
102. AP1
103. JP
104. AP2
105. EP
106. WP
107. ER
108. WR1
109. CR1
110. KR
111. FR
112. WR2
113. CR2
114. JS
115. HS
116. KS1
117. KS2
118. MS1
119. TS1
120. AS
121. DS
122. TS2
123. MS2
124. PT
125. ST
126. MT
127. GT
128. LT
129. EV1
130. EV2
131. LW
132. JW
133. SW1
134. SW2
135. MW
136. CW
137. SW3
138. DZ