IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>  Plaintiff,<br><br>  v.<br><br>TLC RESIDENTIAL INC. and FRANCISCO MONTERO,<br><br>  Defendants. | No. C 15-02776 WHA<br><br>**ORDER DENYING MOTION TO SHORTEN TIME** |

In November 2016, Attorney Rebecca Turner of the Fog City Law Group substituted in as defense counsel in this action, replacing Attorneys Todd Roberts and Nicole Healy of Ropers, Majeski, Kohn & Bentley (Dkt. Nos. 113, 114). Subsequently, after a further case management conference at which Attorney Turner failed to appear, the Court amended the case management schedule. Under the new schedule, fact discovery closes on January 27 (Dkt. No. 124).

Since then, Attorney Turner claims, she has made numerous attempts to obtain defendants' complete client files from RMKB. Such attempts have been only partially successful, she says, due to RMKB's persistent refusal to turn over defendants' client files in their entirety. Based on these allegations, defendants filed four concurrent motions to (1) compel RMKB to turn over defendants' complete client files in their entirety (Dkt. No. 132), (2) shorten the time to hear the motion to compel (Dkt. No. 131), (3) sanction former defense counsel (Dkt. No. 133), and (4) extend fact discovery (Dkt. No. 134).

The Court has considered both defendants' motion to shorten time and RMKB's opposition thereto. Defendants essentially argue the motion to compel must be heard on an accelerated schedule because the fact discovery deadline is approaching, and defendants need to recoup fees incurred in attempting to obtain their client files in order to pay more fees to sustain this litigation. The instant motion, however, is unnecessary to avoid prejudice resulting from the fact discovery deadline given that defendants also have a pending motion to extend that deadline, in connection with which their complaints of obstruction by former defense counsel will be duly considered. And, defendants do not explain how an accelerated schedule for the instant motion would help them foot their attorney's bills.

Defendants' motion to shorten the time to hear their motion to compel is **DENIED**. The motion to compel will be briefed and heard on the normal 35-day track. Defense counsel shall serve this order on their predecessors from RMKB and ensure that former defense counsel appear at the hearing on February 16, by subpoena if necessary. The Court will determine at the hearing whether to hold an evidentiary hearing, at which former defense counsel can be cross-examined under oath by current defense counsel to determine the extent, if any, to which former defense counsel actually failed to turn over defendants' client files. The Court will decide defendants' motion to extend fact discovery only after the dust settles on this snafu.

**IT IS SO ORDERED.**

Dated: January 18, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE