IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>TLC RESIDENTIAL, INC., and FRANCISCO MONTERO,<br><br>Defendants. | No. C 15-02776 WHA<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**INTRODUCTION**

In this action under the FLSA, the Secretary moves for the second time for partial summary judgment. The motion is **DENIED**.

**STATEMENT**

Defendant Francisco Montero owns TLC Residential, Inc., a for-profit business in Northern California that operates sober living homes where residents live in "family units" to recover from substance abuse. One resident at each home is a house "parent" or "manager" who assumes additional household and administrative duties in exchange for waived or discounted rent. The central question in this action is whether or not house parents are "employees" within the meaning of the Fair Labor Standards Act — an issue on which both sides have previously moved for summary judgment (Dkt. Nos. 70, 89). A prior order adjudicated one relevant factor, finding that "defendants and their house parents have a

1  compensation agreement whereby the house parents 'assume certain responsibilities' in
2  exchange for free or discounted housing," but otherwise denied both motions (Dkt. No. 106 at
3  5, 8).  Undeterred, the Secretary moves again for summary adjudication of this issue based on
4  substantially the same arguments (Dkt. No. 185).  This order follows full briefing.

**ANALYSIS**

In his prior motion for summary adjudication, the Secretary primarily argued that this action involves "vulnerable workers" and an uneven "playing field" of the type the FLSA was intended to address, and that house parents are employees under the "economic reality" test set forth in *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28 (1961) (Dkt. No. 89 at 11–19). These foundational points have since been refined and fleshed out with more factual detail and legal argument but do not substantially alter the considerations that informed the prior order denying summary adjudication.

As just one example, the Secretary's new motion relies on the same binding authorities considered in the prior order (*see* Dkt. No. 185 at 6–16).  As explained in that order, however, none of those authorities weigh so clearly in the Secretary's favor as to warrant summary adjudication of defendants' liability under the FLSA (Dkt. No. 106 at 3–7 (discussing *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290 (1985), *Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947), and *Williams v. Strickland*, 87 F.3d 1064 (9th Cir. 1996))).  As another example, although the prior order specifically pointed out the importance of taking into account the "family household" arrangement at issue here, and further noted that the nature of the house parents' work might change over time (*see id.* at 8), the Secretary's new motion does not come to grips with either issue (despite acknowledging that the "economic reality" test takes into account *all* circumstances of the work activity).  The reply brief contains some attorney argument that TLC is neither a "family" nor a "landlord" (*see* Dkt. No. 190 at 3 n.1, 7), but these attempts to take a second bite at the apple do not alter the landscape of factual issues that prevented summary judgment the first time around.  These examples are not exhaustive but highlight why summary adjudication in the Secretary's favor remains unwarranted here.

After briefing completed on his motion, the Secretary filed a statement of recent decision describing the appended "summary judgment opinion" as "uphold[ing] the Department of Labor's finding that purported 'volunteers' were in fact employees under the FLSA" (Dkt. No. 202). *See Rhea Lana, Inc. v. U.S. Dep't of Labor*, __ F. Supp. 3d __ (D.D.C. 2017) (Judge Christopher Cooper). In *Rhea Lana*, however, a business sued the DOL under the Administrative Procedure Act to challenge the DOL's determination that the business's purported "volunteers" were employees under the FLSA. The plaintiff business bore the burden of proof and the district court was limited to "arbitrary and capricious review" on the administrative record. Under those very different conditions, the district court concluded that the DOL's determination "was not arbitrary and capricious." But our case is not an APA case, defendants do not bear the burden of proof, and this Court is not limited to "arbitrary and capricious review" on an administrative record of the DOL's novel theory here. In short, *Rhea Lana* does not support the DOL's attempt to prevail on summary judgment in our case.

## CONCLUSION

For the foregoing reasons, the Secretary's second motion for partial summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 12, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3