IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department of Labor,

    Plaintiff,

  v.

TLC RESIDENTIAL, INC., and
FRANCISCO MONTERO,

    Defendants.

No. C 15-02776 WHA

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

On the Secretary's motion, a prior order found entry of default judgment proper as to defendant TLC Residential, Inc., but nevertheless held the motion in abeyance pending a final opportunity for the corporation and its counsel of record to be heard at an evidentiary hearing on March 7 (Dkt. No. 230 at 5). That order also recognized that, under controlling authority, liquidated damages equal to the amount of owed wages would be mandatory here unless TLC Residential could "overcome the difficult burden of proving both subjective good faith and objectively reasonable grounds for believing that it was not violating the FLSA." *Haro v. City of Los Angeles*, 745 F.3d 1249, 1259 (9th Cir. 2014) (citations and quotations omitted). Moreover, a prospective injunction would be appropriate unless TLC Residential could show good faith or other factors weighing against such injunctive relief (*see* Dkt. No. 230 at 7). The evidentiary hearing on March 7 would thus also serve as TLC Residential's final opportunity to attempt to avoid a judgment of liquidated damages and a prospective injunction (*id.* at 6–7).

Defendant Francisco Montero appeared at the evidentiary hearing on March 7, but defense counsel of record did not. Without legal representation, TLC Residential could not enter an appearance, could not comply with the Court's order to show cause why default judgment should not be entered, and could not attempt to avoid a judgment of liquidated damages or a prospective injunction. The Court nevertheless allowed Montero to say his piece on the record before bringing the proceedings to a close.

Having considered Montero's statements in addition to briefing, supplemental briefing, and oral argument on the matter, the Court now finds TLC Residential failed to "overcome the difficult burden of proving both subjective good faith and objectively reasonable grounds for believing that it was not violating the FLSA." *See Haro*, 745 F.3d at 1259. If it was up to the undersigned judge, the liquidated damages sought by the Secretary would nevertheless be cut in half based on other equities of this case, as well as the absence of any precedent directly on point for the Secretary's novel theory about house parents. The Secretary, however, has persuaded the judge that under controlling authority, including *Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016), the absence of precedent directly on point does not suffice to sustain a "good faith" defense against liquidated damages under the FLSA because it does not show that an employer took affirmative steps and actively endeavored to ensure that its practices complied with the FLSA. *See id.* at 904–06. The undersigned judge feels that our court of appeals has stripped away his discretion to reach a fairer outcome under these circumstances but nevertheless recognizes that, in the absence of a viable "good faith" defense, an award of liquidated damages equal to the amount of owed wages seems mandatory here.

Similarly, this order finds TLC Residential failed to show any reason, including good faith, why a prospective injunction should not issue here.

For the foregoing reasons and the reasons stated in the prior order holding in abeyance the Secretary's motion for default judgment, which order is incorporated herein, this order **GRANTS** the Secretary's motion for default judgment and further **GRANTS** the Secretary's requests for damages in the amount of unpaid wages plus an equal amount of liquidated damages, and for a prospective injunction against future FLSA violations.

2

By **MARCH 21 AT NOON**, the Secretary shall submit a proposed form of judgment consistent with this order.

**IT IS SO ORDERED.**

Dated: March 14, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE