IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

TLC RESIDENTIAL, INC., and
FRANCISCO MONTERO,

Defendants.

No. C 15-02776 WHA

**ORDER DENYING SECOND MOTION TO WITHDRAW AND REFERRAL TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT**

Attorney Cynthia Browning first appeared in this action in November 2016 as a partner in Fog City Law Group on behalf of defendants TLC Residential, Inc., and Francisco Montero (*see* Dkt. No. 122). Attorney Browning apparently stopped working on this litigation in February 2017, the partnership of Fog City Law Group dissolved in March 2017, and Attorney Browning moved to withdraw in April 2017 (Dkt. No. 177). The Secretary did not oppose that motion because Attorney Browning's former partner, Attorney Rebecca Turner, would stay on as defense counsel herein (Dkt. No. 179). A prior order therefore granted Attorney Browning's motion to withdraw (Dkt. No. 180).

Soon thereafter, in August 2017, Attorney Turner also moved to withdraw. That motion was ultimately granted, but Attorney Turner's withdrawal left TLC Residential, a corporation, without legal representation. This, after the litigation had already been waylaid multiple times in the past on account of defendants' unwillingness or inability to retain and keep counsel.

After multiple orders, hearings, and opportunities for defendants to secure legal representation, the Court directed the clerk to enter default against TLC Residential (since a corporation cannot appear pro se) (*see* Dkt. No. 230 at 1–2).

The Secretary then moved for entry of default judgment against TLC Residential (Dkt. No. 219). Just before the motion hearing on February 8, Attorney Browning entered a new notice of appearance on defendants' behalf in this action. She did not appear personally at the motion hearing, but Montero appeared and used Attorney Browning's resurfacing as an excuse to oppose the Secretary's motion (*see* Dkt. No. 230 at 4–5). After the hearing, an order required both Montero and Attorney Browning to appear at an evidentiary hearing on March 7. That order also required TLC Residential and Attorney Browning to show cause at the March 7 hearing why default judgment should not be entered (*id.* at 7).

On March 2, the Secretary brought to the Court's attention that Attorney Browning had expressed intent to file another motion to withdraw (Dkt. No. 239). An order dated March 5 cautioned that any such motion would be denied "unless supported by exceedingly good reason." That order also reminded Attorney Browning that she "must faithfully and professionally represent her clients" (Dkt. No. 241).

On March 6, the day before the evidentiary hearing, Attorney Browning filed a motion to withdraw that did not even come close to showing "exceedingly good reason" for the requested withdrawal. An order denied the motion the same day and repeated (Dkt. No. 246):

> Attorney Browning "must faithfully and professionally represent her clients" so long as she remains counsel of record (*see* Dkt. No. 241). Montero and Attorney Browning must still appear at the hearing tomorrow (Dkt. No. 230 at 7). TLC Residential and Attorney Browning must still show cause at that hearing why default judgment should not be entered (*ibid.*).

Undeterred, Attorney Browning filed a *second* motion to withdraw later that same day. The second motion failed to make any significant improvement over its predecessor but added a declaration from Attorney Browning essentially claiming that, without financial support from defendants (which support was not forthcoming), she lacked the resources and capability to defend this case (Dkt. Nos. 247, 247-1). That motion remained pending and had not been

2

granted as of March 7, at the time of the scheduled evidentiary hearing. Attorney Browning thus remained counsel of record for defendants.

Attorney Browning failed to heed the Court's orders and failed to appear at the evidentiary hearing. Her client, Montero, appeared and was allowed to have his say — even though the Secretary's motion for default judgment was directed at the corporate defendant. The motion succeeded.

Attorney Browning's second motion to withdraw (Dkt. No. 247) is **DENIED**. Attorney Browning's declaration and the Court's records confirm her status as an active member of the bar admitted to practice law in our district (*see* Dkt. No. 247-1 ¶ 1). Due to her aforementioned conduct in this litigation and pursuant to Civil Local Rule 11-6(a)(1), this matter is hereby **REFERRED** to the Court's Standing Committee on Professional Conduct to determine if she should remain so.

**IT IS SO ORDERED.**

Dated: March 14, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE