IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department of Labor,

    Plaintiff,

  v.

TLE RESIDENTIAL, INC., and FRANCISCO
MONTERO,

    Defendants.
    /

No. 15-02776 WHA

**ORDER RE MOTION
FOR RECONSIDERATION**

**INTRODUCTION**

A previous order in this FLSA action set a cap on rent defendants may charge live-in employees. Plaintiff moves for reconsideration. Defendants do not oppose.

**STATEMENT**

Plaintiff asserts the rental cap set in the May 9 wage order constitutes clear error and moves for relief under Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b)(1) provides for reconsideration where one or more of the following is shown: mistake, inadvertence, surprise or excusable neglect. Our court of appeals allows errors of law to be corrected by the district court under a Rule 60(b)(1) motion. *Liberty Mutual Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982).

**ANALYSIS**

Under the FLSA, "wage" "includes the reasonable cost . . . to the employer of furnishing . . . lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees." 29 U.S.C. § 203(m). Accordingly, an employer may lawfully deduct the reasonable cost of lodging from cash wages, even if that deduction results in the cash wage falling below the minimum wage rate. The reasonable cost may not exceed the employer's actual cost. 29 C.F.R. § 531.3(a). If the actual cost is more than the fair rental value, the latter shall be the rental cap. *Id*. at § 531.3(c). The employer is responsible for maintaining and preserving records to prove reasonable cost. *Id*. at § 516.27.

An employer cannot offset an employee's wages if the employer-provided lodging is "furnished in violation of any Federal, State, or local law." *Id.* at § 531.31. Section 218(a) of the FLSA states that if any federal, state, or municipal law requires a minimum wage higher than that established by the FLSA, the FLSA does not excuse noncompliance with that law. 29 U.S.C. § 218(a). Our court of appeals recognizes that Section 218 of the FLSA reflects Congress' intent that states are free to establish more generous labor regulations than the minimum FLSA standards. *Pac. Merch. Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1420–21 (9th Cir. 1990), *and cert. denied*, 504 U.S. 979 (1992).

**1. THE MAY WAGE ORDER AND THE FLSA.**

Plaintiff argues that because defendants require house managers to live on premises, defendants cannot satisfy their obligation to pay minimum wages by providing lodging. Plaintiff points to *Soler v. G. & U., Inc.* for the proposition that defendant cannot take lodging credits if housing is "imposed upon the employee in furtherance of the employer's business." 833 F.2d 1104, 1110 (2nd Cir. 1987). In determining whether lodging can be used to offset wages under the FLSA, our court of appeals stated that the focus is whether lodging is provided primarily for the employer's benefit. *Bobadilla-German v. Bear Creek Orchards, Inc.*, 641 F.3d 391, 396 (9th Cir. 2011).

*First,* lodging may be credited to wages as there has been no finding that the provision of lodging was primarily for defendants' benefit. Plaintiff stated that "there is no question that the

lodging Defendants provide is for the Defendants' benefit . . . . " This is true, but it is not the end of the inquiry. The June 27 order only found that house managers are required to live on the premises. It did not find that the requirement was *primarily for the defendants' benefit.* Plaintiff's statement stretches the finding that house managers are required to live on premises into something it is not. Given that house managers are selected from existing long-term residents who continue to benefit from the sober living environment, the live-in requirement can hardly be characterized as an imposition, as plaintiff suggests.

*Second*, plaintiff's argument that there is no evidence that the reasonable cost of lodging is the full amount of wages is half-sighted. The provisional order capped rent to the cost a house manager would otherwise be paying as a regular resident, but no more than their net wages, until this tumult is resolved. The order's cap is consistent with the FLSA. Absent a finding that the live-in requirement is primarily for the benefit of the employer the prohibition against offsetting lodging costs in Section 531.3(d)(1) does not apply. Section 531.3(c) provides that lodging costs may reduce the cash wage below the minimum wage provided that the rental charges do not exceed a "reasonable cost." As house managers are chosen from existing — paying — residents, the wage order provided a reasonable temporary cap. Given the difficult and prolonged nature of this action, the rental cap, in combination with the wage order's direction that no house manager may be evicted unless all wages had been paid, was necessary to protect the house managers from eviction, retaliation, and to avoid further unnecessary delay.

However, because Section 218 states that the FLSA does not excuse noncompliance with state law, the wage order must take into account California's rules on lodging and minimum wage.

### 2. STATE LAW.

An employer cannot offset an employee's wages if the employer-provided lodging is "furnished in violation of any Federal, State, or local law." 29 C.F.R. § 531.31. Specifically, plaintiff contends that the wage order's provisional rental rate capped at the amount charged to other residents is inconsistent with California's rules on lodging deductions. California's Industrial Welfare Commission ordered that "[i]f, as a condition of employment, the employee

3

**United States District Court**
For the Northern District of California

must live at the place of employment or occupy quarters owned or under the control of the employer, then the employer may not charge rent in excess of" $51.73 per week. Jan. 1, 2017 Cal. Indus. Wage Order No. 15-2001 at 6. In addition, the industrial wage order only allows for the lodging credit to be applied if there is a voluntary written agreement between employer and employee. *Ibid.* Accordingly, the May 9 wage order shall be amended as follows:

> Pending further order, Montero may charge each house manager rent up to ~~their net wages earned from TLC Residential in the same month, but in no event may the rent charged to house managers exceed the fair market value as measured by rent charged to other residents of TLC Residential in comparable housing situations~~ **$51.73 PER WEEK. WRITTEN NOTICE SHALL BE PROVIDED TO ALL HOUSE MANAGERS WITHIN ONE WEEK OF THE DATE OF THIS ORDER SO THAT HOUSE MANAGERS MAY AGREE TO, OR REJECT, THE PROVISION.** Montero shall not evict or fire any house manager who pays rent charged in accord with this order. In addition, no house manager may be evicted in any given month until they have been paid all wages owed for that month.

All other provisions of the May order remain unchanged. The $51.73 per week rate shall apply from the date of the instant order. No retroactive adjustment will be made at this time.

## CONCLUSION

For the reasons stated above, plaintiff's motion for reconsideration is **GRANTED**. The provision of the May wage order is amended as shown above.

**IT IS SO ORDERED.**

Dated: October 4, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE