IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

TLC RESIDENTIAL, INC., and FRANCISCO MONTERO,

Defendants.

No. C 15-02776 WHA

**ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

In connection with an *ex parte* application to show cause why defendant Francisco Montero should not be held in contempt of orders prohibiting retaliation of witnesses, both sides filed administrative motions to file under seal.

Our analysis begins with a "strong presumption" in favor of access to court records. *Foltz v. State Farm Mutual Automobile Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003). For non-dispositive motions, the "good cause" standard applies and there must be a "particularized showing" that specific harm or prejudice will result if the information is disclosed. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

The Secretary moves to file under seal portions of his application as well as the witness's declaration and most exhibits — Exhibits A–E and G–L — in whole on the basis that such documents "contain (1) scurrilous material that the Secretary contends is being used to retaliate against a witness and/or (2) material tending to identify that witness" (Pilotin Decl. ¶¶

3–5).  Good cause is shown for sealing the aforementioned information.  The Secretary's blanket request to file under seal the exhibits, however, is overbroad.  For example, the Secretary seeks to seal substantial swaths of emails wholly unrelated to the witness.  As such, the Secretary's motion is **GRANTED IN PART** and **DENIED IN PART**.  The Secretary may file under seal only portions of the exhibits that refer specifically (directly or indirectly) to the witness and the alleged acts at issue.

Montero moves to file under seal limited portions of his response to the order to show cause, his declaration, and Pamela Davis's declaration (Dkt. No. 382).  The information Montero seeks to redact is narrowly tailored to the witness's identity and the alleged acts at issue.  Good cause having been shown, Montero's motion is **GRANTED**.

Both parties shall file redacted versions of the aforementioned documents that fully comport with this order by **OCTOBER 26 AT NOON**.

**IT IS SO ORDERED.**

Dated:  October 17, 2018.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE